# STATE OF FLORIDA v MITCHELL

## Case Nos. 85-379; 85-390 and 85.530

First Judicial Circuit, Okaloosa County

October 11, 1985

### APPEARANCES OF COUNSEL

**Curtis Golden,** State Attorney, for the plaintiff.
**Jack Behr,** Public Defender, for the defendant.

### OPINION OF THE COURT

ERWIN FLEET, Circuit Judge.

Ronald Mitchell was arrested and informed against by the State of Florida for three felonious offenses. The Court found him to be indigent and appointed the Office of the Public Defender to represent him. The defendant pled "guilty" to three felonies and came before the Court for sentencing on September 6, 1985. Pursuant to Chapter 27.3455, Florida Statutes, as enacted by Chapter 85-213, Laws of Florida, 1985, (also known as House Bill 1023) the Court, in addition

to other sanctions, imposed $210.00 in court costs and required that the defendant pay these costs before he could receive credit for any gain time. Judgment and Sentence were entered and, on October 3, 1985, the defendant filed a "Motion to Correct An Illegal Sentence" contending that Chapter 27.3455 was unconstitutional as being in violation of the U.S. and Florida Constitutions. A hearing on that motion was held on October 11, 1985, and the State Attorney agreed with the defendant's position.

Florida Statute 27.3455 requires this Court to impose costs, in addition to any other cost required to be imposed by law, in a sum as set forth in the statute. The statute goes on to provide that these "costs shall be paid in full prior to the granting of any gain-time accrued. However, the Court shall sentence those persons whom it determines to be indigent to a term of community service in lieu of the costs prescribed in its section, and such indigent persons shall be eligible to accrue gain-time and shall serve the term of community service at the termination of incarceration. Each hour of community service shall be credited against the additional cost imposed by the court at a rate equivalent to the minimum wage."

The defendant also correctly contends that Chapter 27.3455 conflicts with Chapter 939.05, Florida Statutes, 1983, which states that insolvent defendants that are determined to be wholly unable to pay costs shall be discharged without payment of costs.

Florida Statute Section 27.3455 also has the effect of amending Chapter 944.275, Florida Statutes, 1983, which establishes the criteria for accrual of gain-time by state prison inmates. An amendment of this nature would have a considerable fiscal impact on the state prison system and such proposed legislation would have certainly aroused much public interest had there been proper notice of its pendency. This is one of the primary reasons for the requirement of Article III, Section 6 of the Florida Constitution which states that "No law shall be revised or amended by reference to its title only. Laws to revise or amend shall set out in full the revised or amended act, section, subsection or paragraph of a subsection." House Bill 1023 made no reference, in its title or otherwise, to either Chapter 944.275 or Chapter 939.05 nor to any proposed amendments to those sections.

The final constitutional question presented by the defendant concerned the requirement of Section 27.3455 that indigent persons, who are unable to pay court costs, are forced to do public work. Court costs are not fines and should not be punitive in nature. To require a person to be punished, whether it be forced labor or jail, for inability to pay

court costs, is repugnant to the equal protection clause of the 14th Amendment to the United States Constitution. It is quite clear that a defendant may not be sentenced to a prison work farm for his inability to pay a fine. *Tate v. Short*, 401 U.S. 395. The legislature presumably had these considerations in mind when it enacted Chapter 939.05, Florida Statutes, 1983, which requires that an indigent defendant be discharged without payment of costs.

For the reasons stated above, it is

ORDERED:

1. That Chapter 27.3455, Florida Statutes, 1985, as enacted by Chapter 85-213, Laws of Florida, 1985, is unconstitutional as violative of the constitutions of the United States and of the State of Florida.

2. That portion of the Judgment and Sentence entered in these cases which imposes additional costs of $210.00 on this defendant and denies him eligibility for gain time until fees are paid is hereby revoked.